IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                   No. CV 09-0435 JB/LAM
                                                                     CR 06-2376 JB

ANDRES LOREA-CASTRO

        Defendant/Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant/Movant Lorea-Castro's Motion For Sentence Adjustment, filed on April 22, 2009 (CV Doc. 1; CR Doc. 33). Movant Andres Lorea-Castro alleges that, because of his status as a deportable alien, he is ineligible for certain pre-release custody programs. *See id.* at 1. He argues that his ineligibility for these programs was a mitigating factor at sentencing, and the Court's failure to consider his deportability resulted in a longer sentence than the Court would have imposed on an American citizen. *See id.* Lorea-Castro's claim thus invokes the protections of the Equal Protection Clause.

To the extent that Mr. Lorea-Castro's motion attacks the sentence that this Court imposed, the applicable statute bars relief on his allegations. The terms of 28 U.S.C. § 2255 provide the exclusive avenue for attacking a federal criminal conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973), and *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"), and Lorea-Castro's *pro se* characterization of his claim is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

The gravamen of Lorea-Castro's motion is that his sentence violates the Equal Protection Clause. Section 2255 expressly contemplates this claim: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). In this circumstance,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).

Here, the Court is not required to recharacterize Lorea-Castro's motion as a § 2255 motion. A district court does not abuse its discretion in declining to recast a pleading as a § 2255 motion when relief would be "facially . . . 'barred as untimely . . . or as second or successive [motion under 28 U.S.C. § 2255].'" *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (citation omitted). Almost two years have passed since Lorea-Castro's judgment became final. *See* 28 U.S.C. § 2255(f) (setting one-year time limit for filing motion). The Court, therefore, declines to re-characterize Lorea-Castro's motion as a § 2255 motion and will deny the motion.

**IT IS ORDERED** that Defendant/Movant Lorea-Castro's Motion For Sentence Adjustment (CV Doc. 1; CR Doc. 33) is hereby denied; and this civil proceeding is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Andres Lorea-Castro
Big Spring Correctional Institution
  Cedar Hill Unit
Big Spring, Texas

    *Pro se movant*